UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMARRII DAVIS,

    Plaintiff,

v.                                                                          Case No. 8:24-cv-2389-TPB-SPF

WALMART, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice and Supporting Memorandum of Law," filed on May 19, 2025. (Doc. 32). On May 20, 2025, Plaintiff Amarrii Davis filed a response in opposition to the motion. (Doc. 39). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Amarrii Davis sues Defendant Walmart, Inc. under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act 9 ("ADA"), and an unspecified Hillsborough County human rights ordinance for largely unspecified discriminatory conduct. According to the third amended complaint, she has worked at Walmart since November 11, 2014, and she claims that the discrimination is ongoing.

In Plaintiff's third amended complaint, she checks boxes for failure to promote, failure to accommodate disability, unequal terms and conditions of

employment, retaliation, and other (writing in "ostracizing, slander"). She checks boxes to assert that Defendant discriminated against her based on her race, color, gender/sex, religion, national origin, and disability (systemic lupus). Plaintiff indicates that she received a right to sue letter on July 21, 2024, but she does not attach a copy of the letter or any other EEOC documents. She requests **$1 billion** in damages due to "severe ongoing emotional damage and stress." She does not include any factual allegations whatsoever in support of her claims to explain who did what to her.

Plaintiff filed her initial complaint on October 16, 2024, and then she filed an amended complaint on October 24, 2024, and a second amended complaint on November 26, 2024. (Docs. 1, 4, 6). Due to service issues, on March 28, 2025, the Court granted Defendant's motion to quash service. (Doc. 17). Plaintiff subsequently filed her third amended complaint on April 7, 2025. (Doc. 18).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D.

Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

In the instant motion to dismiss, Defendant seeks dismissal of the third amended complaint with prejudice for failure to state a claim.

Upon review, the Court finds that the third amended complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of paragraphs. Plaintiff's complaint does not follow the requirement of separately numbered paragraphs – she does not number any of her paragraphs.

Second, Plaintiff does not set forth any causes of action in her complaint. She must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of her complaint. This is particularly important where she has checked boxes for discriminatory conduct related to race, color, gender/sex, religion, national origin, and disability (systemic lupus) under Title VII, the ADA, and a Hillsborough County ordinance. Above each count, in the form of a title or heading, she must name the claim for relief that the count alleges and whether the claim is based on federal or state law.

Perhaps most importantly, the complaint does not provide a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. In fact, the third amended complaint contains zero factual allegations so it is impossible to determine the parties and persons involved, the events that occurred, and the relevant dates. As drafted, the complaint is largely incoherent since Plaintiff fails to specifically state who discriminated against her and how, and how the alleged conduct harmed her. To be clear, in an amended complaint, Plaintiff must plead *facts* that show 1) who discriminated against her, 2) what those people did that could be considered discrimination that changed or altered her working conditions – that is, what adverse actions were taken against Plaintiff; 3) more specific dates of events, and 4) how the alleged conduct harmed her. Simply checking boxes is not enough.

Plaintiff must take care to plead facts to support each of her individual claims.[1] For instance, if she is asserting a claim based on a failure to accommodate a disability, she must plead facts about her disability and any accommodation requests she made, as well as the outcome of those requests. If she is asserting a claim based on disability discrimination, she must allege facts that show she is or was perceived as disabled, that she is a qualified individual, and that she was discriminated against because of her disability. If she is asserting a claim based on race, color, national origin, religious, or sex discrimination, she must plead facts that show she was treated differently than similarly situated employees based on her race, color, national origin, religion, or sex.

Because the complaint is facially insufficient and woefully inadequate, it is due to be dismissed. But the Court will not dismiss with prejudice at this time. Although the operative complaint is the third amended complaint, this is the first complaint that is being dismissed by the Court – the other complaints were filed by Plaintiff prior to service. Therefore, Plaintiff will be granted leave to amend. But the failure to cure the defects identified by the Court may result in the dismissal of this case with prejudice. And the failure to file a fourth amended complaint as directed will result in this Order becoming a final judgment.

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and

---

[1] These facts should be set out in separately numbered paragraphs either as part of each individual claim, or they may be incorporated into each individual count by reference to earlier stated facts.

Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice and Supporting Memorandum of Law" (Doc. 32) is **GRANTED IN PART**.

2. The third amended complaint (Doc. 18) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. Plaintiff is directed to file a fourth amended complaint to cure the defects identified in this Order on or before June 20, 2025. The failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE