# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMARRII DAVIS,

      Plaintiff,

v.                                                    Case No. 8:24-cv-2389-TPB-SPF

WALMART, INC.,

      Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT WITH PREJUDICE"

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint with Prejudice and Supporting Memorandum of Law," filed on August 25, 2025. (Doc. 57). On September 8, 2025, Plaintiff Amarrii Davis filed a response in opposition to the motion. (Doc. 58). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiff Amarrii Davis sues Defendant Walmart, Inc. under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act 9 ("ADA"), and an unspecified Hillsborough County human rights ordinance for largely unspecified discriminatory conduct. She also, for the first time, checks boxes on the Court's pro se form Complaint to indicate her fourth amended complaint is brought pursuant to the 42 USC § 1981 and the Florida Civil Rights Act.

In Plaintiff's fourth amended complaint, she checks boxes on the Court's pro se form complaint for failure to promote, failure to accommodate disability, unequal

terms and conditions of employment, retaliation, and other (writing in "harassment, slander").[1] She checks boxes to assert that Defendant discriminated against her based on her race, color, gender/sex, religion, national origin, and disability (systemic lupus). Plaintiff indicates that she received a right to sue letter on July 31, 2024, but she does not attach a copy of the letter or any other EEOC documents.[2] She requests **$300 million** in punitive damages due to "emotional distress from physical sickness," which has caused her stress.

Plaintiff filed her initial complaint on October 16, 2024, and then she filed an amended complaint on October 24, 2024, and a second amended complaint on November 26, 2024. (Docs. 1, 4, 6). Due to service issues, on March 28, 2025, the Court granted Defendant's motion to quash service. (Doc. 17). Plaintiff subsequently filed her third amended complaint on April 7, 2025. (Doc. 18). On June 2, 2025, the Court dismissed the third amended complaint with leave to amend. (Doc. 35).

Plaintiff failed to file her fourth amended complaint by the deadline, so the Court closed the case. (Doc. 49). Plaintiff sought relief from the final judgment, which the Court granted on August 11, 2025. (Doc. 56). The Court therefore reinstated the fourth amended complaint, which is the operative complaint. (Doc. 40).

---

[1] In her "supplemental documents" filing (part of Doc. 40), Plaintiff appears to specifically assert claims for failure to promote, failure to accommodate disability, unequal terms of employment, and retaliation. She does not mention any independent claims for harassment or slander.
[2] In prior complaints, Plaintiff alleged that she received her right to sue letter on July 21, 2024.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## <u>Analysis</u>

In the instant motion to dismiss, Defendant seeks dismissal of the fourth amended complaint with prejudice for failure to comply with the Court's June 2, 2025, Order, and for failure to state a claim.

Upon review, the Court finds that the fourth amended complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single document and the single, sequential numbering of paragraphs. Plaintiff's complaint appears to combine two distinct documents (the "Supplemental Documents: 4th Amended Complaint" filing and the form complaint, which were combined into one document through her electronic portal submission). The documents together do not follow the requirement of separately numbered sequential paragraphs. It is difficult, if not impossible, for Defendant to respond to the allegations.

Perhaps most importantly, the fourth amended complaint does not provide a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. As drafted, the complaint is largely incoherent and appears to confusingly mix factual allegations and claims for relief from 2015 until 2023. As just one example of this confusion, Plaintiff alleges that "Defendants retaliated against [her] based on [her]: [r]ace, color, gender/sex, and national origin are all connected because many of the negative comments I received were related to my skin tone and being a Black woman." She also puts forth allegations concerning her religion,

although she has not raised a religious discrimination claim.  The fourth amended complaint filing therefore constitutes a shotgun pleading.  Each claim (such as racial discrimination, gender discrimination, or national origin discrimination) should be separate and titled as such (for instance, Count I: Racial Discrimination).

As to her specifically asserted claims, Plaintiff fails to state the required elements of each claim.  For instance, as to her failure to promote claim, Plaintiff does not allege that she was qualified for and applied for a promotion, that she was rejected despite these qualifications, and that other equally or less qualified employees who are not members of the protected class were promoted.  *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000) (explaining elements of failure to promote claim based on sex discrimination).  And as another example, considering her failure to accommodate claim, Plaintiff fails to allege any facts to show that Plaintiff had a physical or mental impairment that limits one or more major life activities, nor that she had a record of or was regarded as having a disability.  Although she alleges she was diagnosed with systemic lupus and had a major sensitivity to heat, "[m]erely having an impairment[] does not render one disabled." *Murphy v. Enprovera Corp.*, No. 3:23-cv-384-MMH-LLL, 2024 WL 1053461, at *6 (M.D. Fla. Feb. 2, 2024) (citing *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1155 (11th Cir. 2005)).  Plaintiff is required to allege and show that systemic lupus substantially limits one or more of her major life activities – she completely fails to do so.

Because the fourth amended complaint is facially insufficient and woefully inadequate, it is due to be dismissed.  The Court specifically warned Plaintiff in its prior dismissal order that the failure to cure the defects identified by the Court may

result in the dismissal of this case with prejudice.  It even advised Plaintiff to consider hiring an attorney, and if she could not afford to do so, to utilize the resources provided to *pro se* litigants.  However, the fourth amended complaint suffers from identical or substantially similar defects and adds new defects.

In an abundance of caution, and due to Plaintiff's pro se status, the Court will give Plaintiff one final opportunity to amend to correct the defects identified in this Order.  Should Plaintiff file a fifth amended complaint with the same defects, or with new defects, that fifth amended complaint will be subject to dismissal with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  "Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint with Prejudice and Supporting Memorandum of Law" (Doc. 57) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.  The fourth amended complaint (Doc. 40) is **DISMISSED WITHOUT PREJUDICE**.

2.  Plaintiff is directed to file a fifth amended complaint on or before December 5, 2025.  Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th </u>day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE