UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMARRII DAVIS,

    Plaintiff,

v.                                            Case No. 8:24-cv-2389-TPB-SPF

WALMART, INC.,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION TO
DISMISS FIFTH AMENDED COMPLAINT WITH PREJUDICE"**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Fifth Amended Complaint with Prejudice and Supporting Memorandum of Law," filed on December 23, 2025. (Doc. 61). On January 6, 2026, Plaintiff Amarrii Davis filed a response in opposition to the motion. (Doc. 65). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

This case arises from alleged discrimination and retaliation during Plaintiff Amarrii Davis' employment with Defendant Walmart Inc. Plaintiff identifies as an "African American, dark-skinned, heterosexual Christian woman, an American by national origin, and a person with the disability known as Systemic Lupus Erythematosus." She began working for Defendant on November 11, 2014. Plaintiff claims that during the course of her employment, among other things, she was repeatedly subjected to "anti-Black racial slurs, stereotypical comments, unequal treatment, and racially motivated harassment from managers and associates,

including individuals with authority over her," and she provides several examples of such conduct beginning in "early 2015." She claims that she was discriminated against based on her religion (Christianity) by being required to work on Good Friday and on Sundays. Plaintiff also claims that she was discriminated against based on her disability – lupus – which was dismissed by supervisors, and that "Walmart failed to engage in the ADA-required interactive process" and "continued placing her in environments unsafe for her condition."[1] As to her sex and/or sexual orientation discrimination claims, Plaintiff appears to allege that she was passed over for a promotion in favor of homosexual employees with personal ties to managers. Plaintiff additionally appears to claim that she "repeatedly complained to supervisors about racial, colorist, religious, sexual orientation, and disability-based discrimination," and following her complaints, Defendant retaliated against her by removing her religious accommodation, increasing her workload and assigning undesired tasks, changing her schedule, denying promotions and advancement, and otherwise continuing hostile behavior.

Plaintiff filed her initial complaint on October 16, 2024, and then she filed an amended complaint on October 24, 2024, and a second amended complaint on November 26, 2024. (Docs. 1, 4, 6). Due to service issues, on March 28, 2025, the Court granted Defendant's motion to quash service. (Doc. 17). Plaintiff subsequently filed her third amended complaint on April 7, 2025. (Doc. 18). On June 2, 2025, the Court dismissed the third amended complaint with leave to amend. (Doc. 35).

---

[1] Despite this language, Plaintiff does not appear to assert a failure to accommodate claim.

Plaintiff failed to file her fourth amended complaint by the deadline, so the Court closed the case. (Doc. 49). Plaintiff sought relief from the final judgment, which the Court granted on August 11, 2025. (Doc. 56). The Court therefore reinstated the fourth amended complaint. (Doc. 40).

On November 14, 2025, the Court dismissed the fourth amended complaint without prejudice. (Doc. 59). Among other identified defects, the Court found that the fourth amended complaint constituted a shotgun pleading. The Court again gave Plaintiff an opportunity to amend, but it warned her that it may be her last chance.

On December 5, 2025, Plaintiff filed her fifth amended complaint (Doc. 60), asserting the following claims for relief: race discrimination under Title VII, § 1981, and the FCRA (Count I), color discrimination under Title VII and the FCRA (Count II), hostile work environment (based on race and color) under Title VII, § 1981, and the FCRA (Count III), national origin discrimination under Title VII, § 1981, and the FCRA (Count IV), sex and sexual orientation discrimination under Title VII and the FCRA (Count V), religious discrimination under Title VII and the FCRA (Count VI), disability discrimination under the ADA and the FCRA (Count VII), failure to promote under Title VII, § 1981, the ADA, and the FCRA (Count VIII), and retaliation under Title VII, the ADA, § 1981, and the FCRA (Count IX). She seeks $300,000,000 in damages.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

In the instant motion to dismiss, Defendant seeks dismissal of the fifth amended complaint with prejudice for failure to comply with the Court's prior Orders and for failure to state a claim.

Upon review, the Court finds that the fifth amended complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. Most

obviously, the fifth amended complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

As drafted, Plaintiff provides a list of her claims near the end of her fifth amended complaint. The counts purport to proceed under multiple statutes (and sometimes multiple theories) without connecting factual allegations to any specific claim. For instance, as to Counts I, III, IV and VIII, Plaintiff combines claims under Title VII, the FCRA, and § 1981 – this distinction is important as the improper mixing of claims makes it impossible for Defendant to adequately respond and for the Court to

adjudicate any claim. Her retaliation claim appears to combine theories under Title VII, the ADA, § 1981, and the FCRA. The confusion created by the improper mixing of claims is compounded by Plaintiff's incorporation of all prior factual allegations into each claim – for instance, her factual allegations concerning racial discrimination are incorporated into each of her other claims, including disability discrimination, religious discrimination, sexual orientation discrimination, and retaliation.

As to her specifically asserted claims, Plaintiff fails to state the required elements of each claim. For instance, as to her failure to promote claim, Plaintiff does not allege that she was qualified for and applied for a promotion, that she was rejected despite these qualifications, and that other equally or less qualified employees who are not members of the protected class were promoted. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000) (explaining elements of failure to promote claim based on sex discrimination). And as another example, considering her disability discrimination claim, Plaintiff fails to allege any facts to show that Plaintiff had a physical or mental impairment *that limits one or more major life activities*, nor that she had a record of or was regarded as having a disability. Although she alleges she was diagnosed with systemic lupus and had a major sensitivity to heat, "[m]erely having an impairment[] does not render one disabled." *Murphy v. Enprovera Corp.*, No. 3:23-cv-384-MMH-LLL, 2024 WL 1053461, at *6 (M.D. Fla. Feb. 2, 2024) (citing *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1155 (11th Cir. 2005)). Plaintiff is required to allege and show that systemic lupus substantially limits one or more of her major life activities – she again completely fails to do so.

Because the fifth amended complaint is facially insufficient and woefully inadequate, it is due to be dismissed. The Court specifically warned Plaintiff in its prior dismissal order that the failure to cure the defects identified by the Court may result in the dismissal of this case with prejudice. It even advised Plaintiff to consider hiring an attorney, and if she could not afford to do so, to utilize the resources provided to *pro se* litigants. However, the fifth amended complaint suffers from identical or substantially similar defects and adds new defects. Consequently, the fifth amended complaint is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Fifth Amended Complaint with Prejudice and Supporting Memorandum of Law" (Doc. 61) is **GRANTED**, as set forth herein. The fifth amended complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of January, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE